## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF DELAWARE

| | |
|---|---|
| ETHAN RAPP, individually and derivatively,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REX BRIGGS, individually, and MARKETING EVOLUTION, LLC, nominally, and MARKETING EVOLUTION, INC., nominally,<br><br>　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. _____ |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT, DISTRICT OF DELAWARE
### (Removal From Delaware Chancery Court, NO 3426-VCS)

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446(b) defendant Rex Briggs ("Briggs") gives notice of the removal of this case to the United States District Court for the District of Delaware. In support of that removal, Briggs states as follows:

　　　　1.　　Plaintiff filed his original complaint in this action on December 19, 2007 in the Court of Chancery for the State of Delaware, Civil Action No. 3426-VCS.

　　　　2.　　Defendants Marketing Evolution, LLC and Marketing Evolution, Inc. were served with the summons and complaint on January 3, 2008. Thus, this notice of removal is timely.

　　　　3.　　The Complaint alleges monetary damages based upon theories of breach of fiduciary duty, fraud, and also seeks declaratory relief arising from plaintiff's purported investment in Marketing Evolution, LLC.

4.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the plaintiff and defendants and the amount in controversy exceeds the amount of $75,000, exclusive of interest and costs.

(a)    This action may be removed to this Court by Briggs pursuant to 28 U.S.C. § 1441(b) because none of the defendants sued as a real party in interest is a citizen of Delaware.  Defendants Marketing Evolution, LLC and Marketing Evolution, Inc. are expressly sued as nominal defendants, and are ignored for purposes of determining diversity. *See Polak v. Kobayashi,* No. Civ. A 05-330, 2005 WL 300 8306 (D. Del. 2005).  Diversity jurisdiction existed both at the time of filing the Complaint and at the time of filing the Notice of Removal.

(b)    Plaintiff is a citizen of the State of New York.

(c)    Defendant Briggs is a citizen of the State of California.

(d)    Nominal defendant Marketing Evolution, LLC is a Delaware limited liability company with its principal place of business in California.

(e)    Nominal defendant Marketing Evolution, Inc. is a Delaware limited liability company with its principal place of business in California.

5.    All defendants join in this Notice of Removal.

6.    The amount in controversy exceeds $75,000, exclusive of interest and costs.  Although the Complaint does not state a precise amount of damages, it expressly avers that the conduct alleged "resulted in the forced transfer of millions of dollars of value from [plaintiff] Rapp to Briggs." (Complaint, ¶ 15).  Further, the Complaint asserts that the value of Marketing Evolution, LLC was greater than $20 million, and that, as a result of the acts alleged,

plaintiff's 25 percent share was reduced to 5.67, a purported reduction in value in excess of $75,000.

7.    On February 1, 2008, Briggs filed a copy of this Notice of Removal with the Register in Chancery for the State of Delaware, and served a copy of this Notice of Removal upon plaintiff's counsel.

8.    Submitted herewith is a copy of all pleadings and process filed with the state court prior to removal.  These papers are attached hereto as Exhibit A.

POTTER ANDERSON & CORROON LLP

By:_____
    Donald J. Wolfe, Jr. (I.D. No. 285)
    Brian C. Ralston (I.D. No. 377)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, Delaware  19899
    (302) 984-6000
    dwolfe@potteranderson.com
    bralston@potteranderson.com

OF COUNSEL:

JONES DAY
Rick L. Shackelford (151262)
555 South Flower Street, Fiftieth Floor
Los Angeles, CA  90071-2300

Dated:  February 1, 2008

*Attorneys for Defendants*
*REX BRIGGS, MARKETING EVOLUTION, LLC*
*AND MARKETING EVOLUTION, INC.*

846068

# EXHIBIT A

Click to Print                 Printed on: Friday, February 01, 2008 12:07:20 EST

## Case History Search
Search Created:
Friday, February 01, 2008 12:07:20
EST

| Court: | DE Court of Chancery Civil Action | Judge: | Strine, Leo E | File & Serve Live Date: | 12/19/2007 |
|---|---|---|---|---|---|
| Division: | N/A | Case Number: | 3426-VCS | Document(s) Filed: | 9 |
| Case Type: | Breach of Fiduciary Duties | Case Name: | Rapp, Ethan vs Rex Briggs | Date Range: | All |

1-4 of 4 transactions    <<Prev Page 1 of 1 Next>>

| Transaction ▽ | Date/Time | Option | Case Number Case Name | Authorizer Organization | # | Document Type | Document Title | Size |
|---|---|---|---|---|---|---|---|---|
| 18219087 | 1/22/2008 8:24 PM EST | File And Serve | 3426-VCS Rapp, Ethan vs Rex Briggs | Brian C Ralston, Potter Anderson & Corroon LLP | 5 | Answer | Answer of Defendant Rex Briggs and Nominal Defendants Marketing Evolution, LLC and Marketing Evolution, Inc. with Certificate of Service • Linked to (1) | 0.3MB |
| 17920011 | 1/7/2008 1:02 PM EST | File Only | 3426-VCS Rapp, Ethan vs Rex Briggs | Thomas Preston, Blank Rome LLP-Wilmington | 3 | Summons | Summons Affidavit of Service on Delaware Secretary of Defendant Rex Briggs • Linked to (2) | 0.1MB |
| | | | | | 4 | Summons | Summons Affidavit of Service on registered agent for Marketing Evolution, LLC and Marketing Evolution, Inc. • Linked to (1) | 0.1MB |
| 17882529 | 1/3/2008 2:27 PM EST | File And Serve | 3426-VCS Rapp, Ethan vs Rex Briggs | Patricia G Randolph, DE Court of Chancery Civil Action | 2 | Summons | Motion, Order for Special Process server; Issued Summons to SPS (2 Copies); Issued 3104 Summons to SPS (1 Copy) on 1.3.08 • Linked to (1) • Linked from (2) | 0.1MB |
| 17728084 | 12/19/2007 3:20 PM EST | File Only | 3426-VCS Rapp, Ethan vs Rex Briggs | Thomas Preston, Blank Rome LLP-Wilmington | 1 | Complaint - Class Action or Derivative Claims | Complaint • Linked from (2) | 0.2MB |
| | | | | | | Verification to Complaint | Verification to Complaint of Ethan Rapp | 0.1MB |
| | | | | | | Supplemental Information Sheet | Supplemental Information Sheet | 0.1MB |
| | | | | | | Motion | Motion For Appointment of Special Process Server | 0.1MB |
| | | | | | | Proposed Order | Proposed Order requesting appointment of Special Process Server • Linked from (1) | 0.1MB |

1-4 of 4 transactions    <<Prev Page 1 of 1 Next>>

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
01/03/2008
CT Log Number 512942820

TO:    Brooke Campbell, Esq.
Brooke Campbell, Attorney at Law
1201 Silver Hill Drive
Austin, TX 78746

RE:    **Process Served in Delaware**

FOR:   Marketing Evolution, Inc. (Domestic State: DE)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Ethan Rapp, etc., Pltf. vs. Rex Briggs, etc., et al. Including Marketing Evolution, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Motion, Order, Information (2 sets), Complaint (2 sets), Verification (2 sets) |
| **COURT/AGENCY:** | Court of Chancery, DE<br>Case # 3426 |
| **NATURE OF ACTION:** | The defendant Briggs improperly and illegally purported to convert Marketing Evolution, LLC into Marketing Evolution, Inc. Seeking declaratory judgment in plaintiff's favor. |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Messenger on 01/03/2008 at 15:40 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Thomas P. Preston<br>Blank Rome LLP<br>1201 N. Market Street<br>Suite 800<br>Wilmington, DE 19801<br>302-425-6400 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790909093761 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | The Corporation Trust Company<br>Scott LaScala<br>1209 Orange Street<br>Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Page 1 of  1 / AC

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

SUMMONS

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

ETHAN RAPP, individually and
derivatively,

                     Plaintiff,

v.

REX BRIGGS, individually, and
MARKETING EVOLUTION, LLC, nominally,
and MARKETING EVOLUTION, INC., nominally,

                     Defendants.

CIVIL ACTION NO.  3426-VCS

SUMMONS

**TO THE** SPECIAL PROCESS SERVER:

**YOU ARE COMMANDED:**

        To Summon the above named defendants so that, within 20 days after service hereof upon

defendants, exclusive of the day of service, defendants shall serve upon

Thomas P. Preston, Esquire _____, plaintiff's attorney whose address is
1201 Market Street, Suite 800
Wilmington, Delaware 19801 _____ an answer to the complaint.

        To serve upon defendants a copy hereof and of the complaint.

**TO THE ABOVE NAMED DEFENDANTS:**

        In case of your failure, within 20 days after service hereof upon you, exclusive of the day
of service, to serve on plaintiff's attorney named above an answer to the complaint, judgment by
default will be rendered against you for the relief demanded in the complaint.

                                                        *Patricia B. Randolph*

Dated  January 3, 2008                         _____
                                                        Register in Chancery

01/08/2008  11:50     512-306-9028                    CSPGROUPLLC                           PAGE   05/29



EFiled: Dec 19 2007  3:20P
Transaction ID 17728084
Case No. 3426-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

ETHAN RAPP, individually and           §
derivatively,                          §
                                       §
              Plaintiff,               §
                                       §
        v.                             §     Civil Action No. 3426-VCS
                                       §
REX BRIGGS, individually, and          §
MARKETING EVOLUTION, LLC,              §
nominally, and MARKETING               §
EVOLUTION, INC., nominally,            §
                                       §
              Defendants.              §


## ORDER APPOINTING SPECIAL PROCESS SERVER

IT IS ORDERED that, pursuant to Court of Chancery Rule 4(c), Parcels, Inc. is hereby

appointed as special process servers to serve the Complaint and other suit papers requiring

service.


                                  _Stephen P Lamb_     1/3/08
                                  Vice Chancellor        (date)
                                  _____
                                           V.C.

01/08/2008  11:50   512-306-9028          CSPGROUPLLC                    PAGE  06/29

## SUPPLEMENTAL INFORMATION PURSUANT TO RULE 3(a)
## OF THE RULES OF THE COURT OF CHANCERY

The information contained herein is for the use by the Court for statistical and administrative purposes only.  Nothing stated herein shall be deemed an admission by or binding upon any party.

1.   Caption of Case:

**ETHAN RAPP, individually and derivatively, Plaintiff v. REX BRIGGS, individually, and MARKETING EVOLUTION, LLC, nominally, and MARKETING EVOLUTION, INC., nominally, Defendants.**

2.   Date filed:   **December 18, 2007**

3.   Name and address of counsel for plaintiff:

**Thomas P. Preston, Esquire (I.D. No. 2548)**
**Blank Rome LLP**
**1201 N. Market St., Suite 800**
**Wilmington, DE 19801**
**(302) 425-6400**

4.   Short statement and nature of claim asserted:  **Direct and derivative action requesting declaratory judgment and injunction on Plaintiff's breaches of fiduciary duty**

5.   Substantive field of law involved (check one):

| | |
|---|---|
| Administrative law | Trade secrets/trade mark/ |
| X Commercial law | or other intellectual law |
| Constitutional law | Trusts |
| Corporation law | Wills and Estates |
| Guardianships | Zoning |
| Labor law | Other |
| Real property | |

6.   Related case(s):  **N/A**

7.   Basis of court's jurisdiction (including the citation of any statute conferring jurisdiction):

**10 Del. C. Section 341**

8.   If the complaint seeks preliminary equitable relief, state the specific preliminary relief sought:
**N/A.**

9.   If the complaint seeks summary or expedited proceedings, check here:  **N/A.**

Thomas P. Preston (#2548)

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ETHAN RAPP, individually and<br>derivatively,<br><br>               Plaintiff,<br><br>        v.<br><br>REX BRIGGS, individually, and<br>MARKETING EVOLUTION, LLC,<br>nominally, and MARKETING<br>EVOLUTION, INC., nominally,<br><br>            Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. _____ |

## COMPLAINT

### Summary of Action

1.     This is a direct and derivative action brought by Plaintiff Ethan Rapp ("Rapp") against Defendant Rex Briggs ("Briggs"), and Nominal Defendants Marketing Evolution, LLC ("LLC") and Marketing Evolution, Inc. ("INC"), for breaches of fiduciary duty by Briggs to the detriment of Rapp, individually and derivatively. Briggs has engaged in shameless self-dealing designed to enrich himself at Rapp's expense, and at the expense of LLC and INC, by unilaterally altering contracts, issuing large amounts of stock to himself for virtually no consideration and providing himself excessive compensation.

### Parties

2.     Ethan Rapp is an individual who resides at 13 West 13th Street, New York, NY 10011.

01/08/2008  11:50    512-306-9028              CSPGROUPLLC                    PAGE  20/29

3.      Rex Briggs is an individual who resides at 4062 Albert Circle, El Dorado, California 95762.

4.      Marketing Evolution, LLC was a Delaware limited liability company, with its principal place of business at 4062 Albert Circle, El Dorado Hills, California 95762.

5.      Marketing Evolution, Inc. is a corporation organized under the laws of Delaware, was the successor-in-interest to LLC, and had, and has, its principal place of business at 4364 Town Center Blvd., Suite 320, El Dorado Hills, California 95762.

## Jurisdiction and Venue

6.      This Court has jurisdiction under 10 *Del. C.* § 341, inasmuch as both INC and LLC were organized under the laws of the State of Delaware, and Briggs breached his fiduciary duties to Plaintiff and to the Nominal Defendants while acting as a manager of a Delaware limited liability company and as a director of a Delaware corporation.

## Factual Background

7.      On September 25, 2003, Rapp and Briggs formed a Delaware limited liability company, Marketing Evolution, LLC.  LLC was in the business of providing marketing research and analysis to a variety of clients.

8.      Under the LLC Limited Liability Agreement ("Original Agreement"), dated November 4, 2003,[1] Briggs owned a 75% membership interest in LLC, while Rapp owned a 25%

---

[1] The documents referenced in the Complaint are not attached so as to avoid breaching the confidentiality provisions of the Original Agreement.  Copies will be provided under seal.

membership interest. Both Briggs and Rapp were managers of LLC pursuant to Article 6.1 of the Original Agreement.

9.    Management of LLC became increasingly difficult in late 2005 and early 2006, with Rapp and Briggs frequently disagreeing on management strategy and implementation. By February, 2006, it was clear to Rapp that he could not resolve important management differences with Briggs, who treated Rapp and others in the company with disrespect and derision. On February 21, 2006, Rapp resigned as a manager, effective immediately but specifically maintained his status as a member of LLC. On February 22, 2006, Briggs advised Rapp that the resignation was accepted.

10.    Immediately following Rapp's resignation, Briggs embarked on an aggressive and clandestine scheme to deprive Rapp of his legal rights and economic interests in LLC.

11.    Acting without notice to or consent of Rapp, Briggs improperly amended the Original Agreement, effective March 1, 2006, purporting to effect the following changes, among others, to the Original Agreement:

- Brigg's obligations as a manager of LLC to devote his full business time and efforts were eliminated (see Section 6.4 of the Original Agreement);

- The requirement of a supermajority vote of members to approve certain transactions, including self-dealing transactions (*see* Section 6.11(a) of the Original Agreement and Section 6.10(a) of the Amended Agreement) were eliminated;

3

- The breadth of the non-competition provisions applicable to members and former members, and particularly Rapp as the only member other than Briggs (see Sections 7.7(a) of both agreements), was expanded;

- The rights of members to have access to LLC records was limited to only those members holding at least a 40% interest (i.e., only Briggs) under the Amended Agreement (compare Sections 9.6 of both Agreements);

- A newly created option allowing LLC to compel the repurchase of the interests of a former member at the original purchase price was added (Section 10.4 of the Amended Agreement);

Every one of those changes was designed by Briggs to increase Briggs' rights while decreasing Rapp's rights and the economic value of Rapp's 25% interest in LLC.

12.    Apparently deciding that the shredding of Rapp's rights under the Original Agreement was not enough, Briggs next improperly and illegally purported to convert Marketing Evolution, LLC into Marketing Evolution, Inc., a Delaware corporation (see Agreement and Plan of Conversion). This conversion was improper and illegal inasmuch as it did not conform to the requirements of 8 Del. C. § 265 or 6 Del. C. § 18-216. Moreover, in his self-created Agreement and Plan of Conversion, Briggs declared by fiat, without notice to or consent from Rapp, that all rights of members under the Original or Amended Agreements were automatically terminated, except that Briggs purported to retain the confidentiality provisions in Section 7.6 and the new non-compete (Section 7.7) and the new repurchase option (Section 10.4) that he himself had conjured up to benefit himself at Rapp's expense.

4

13.    As a result of the purported conversion, Rapp's 25% membership interest in LLC was converted into 300,000 shares of INC., and Brigg's 75% membership interest in LLC was converted into 900,000 shares of INC., such 1,200,000 shares in total representing 100% of the outstanding shares of INC.

14.    Briggs claimed the authority to convert LLC to a corporation based on his position as the "sole manager" of LLC, which is incorrect under the provisions of Article 6.1 of the Amended Agreement, and Briggs further claimed the authority to approve a conversion pursuant to Section 6.1(b)(iii) of the Amended Agreement, a provision which does not exist in that Agreement.

15.    Thus, the conversion of LLC into INC was improper as a matter of law.

16.    Following the illegal attempt to convert LLC into INC, Briggs assumed for himself the position of sole director of INC.

17.    But Briggs' hubris was not yet satisfied.  In furtherance of Briggs' scheme to deprive Rapp of his rights, in a written consent purportedly dated June, 2006 and signed by Briggs as sole director, again without notice to or consent of Rapp, Briggs approved the sale to himself of 4,100,000 shares of "restricted" Common stock for $.01 a share, or a total consideration of $41,000, payable entirely by the transfer by Briggs of certain unidentified intellectual property.  In a mind-numbing display of self-dealing, Briggs, as sole director, without any backup documentation or analysis, determined that $.01 was the fair market value of a share of the Company's common stock on that date.  This action had the effect of increasing Briggs ownership of outstanding shares from 900,000 (75% of the outstanding shares at the time

5

of the conversion) to 5,000,000 shares (94.34% after the "board" action) while reducing Rapp's interest from 25% of INC.'s outstanding shares to 5.67%.

18.    The June, 2006 self-dealing issuance to Briggs resulted in the forced transfer of millions of dollars of value from Rapp to Briggs.  At $.01 a share, the issuance to Briggs indicated a value for the entire business (there were 5,300,000 outstanding shares) of only $53,000.  In fact, since it was founded in 2003, the business has had a steady increase in billing and clients, has had revenues of millions of dollars each year and appears to have been profitable in 2005 and 2006.  In 2006, Briggs had indicated to Rapp his belief that the business was worth at least $20 million.

19.    Not yet content with his pillaging, by written consent purportedly dated April 20, 2006, again without notice to or consent of Rapp, Briggs authorized entering into an employment agreement between himself and INC which, on information and belief, provides for a much more generous compensation package than had been provided to Briggs under the pre-existing LLC structure.

20.    As a 25% equity holder, Rapp has been attempting to secure access to the books and records of LLC/INC since shortly after his resignation as a manager in February 2006.  As part of Briggs' scheme, these efforts were consistently stonewalled, with limited documents dribbled out from time to time, until an incomplete document delivery made in August, 2007, revealed for the first time some of the self-dealing in which Briggs has been engaged since at least March, 2006.  Even today, Briggs has not delivered many of the documents requested, including his own employment agreement, the list of "intellectual property" he used to pay for the 4,100,000 shares he issued to himself and the terms of his "restricted stock".

6

21.    From time to time, after February, 2006, Briggs caused INC to take other improper actions including issuing stock options at less than fair market value (within a few months' time options were issued with an exercise price of $.01, others with an exercise price of $.25 and still others with an exercise price of $.40), and failing to cause INC to report properly to taxing authorities and to withhold taxes on the issuance of shares to Briggs for a consideration substantially less than the fair market value of those shares, which actions have placed INC at substantial financial risk.

22.    Rapp is excused from making demand on the Board of INC to bring these claims on behalf of the Company, since any such demand would be futile in light of Briggs' control of the Board.

## COUNT I
### Breach of Fiduciary Duty versus Briggs

23.    Rapp incorporates by reference the foregoing paragraphs.

24.    Briggs' self-serving actions in amending the Original Agreement, issuing shares in INC to himself with virtually no consideration, and providing a new and richer employment agreement to himself were all breaches of the fiduciary duties Briggs owed to Rapp as a minority shareholder in INC and LLC.

25.    These breaches violated 8 *Del. C.* § 144 as well as common law principles of fiduciary duty, and render each of these acts void or voidable.

WHEREFORE, Rapp asks for judgment in his favor and against Briggs, together with a declaration that each act by Briggs in violation of his fiduciary duties is void, and Briggs is liable for damages, including (1) damages to INC for the corporate waste stemming from the

7

employment contract; (2) for the issuance of stock at less than fair market value; (3) for the value

of lost tax deductions and penalties; and Rapp is entitled to the recovery of all his attorneys' fees

and costs.

## COUNT II
### Fraud versus Briggs

26.    Rapp incorporates by reference the foregoing paragraphs.

27.    Briggs' conduct in attempting to amend the Original Agreement, issue shares to

himself with virtually no consideration, and provide a new and richer employment agreement to

himself, all of which were done without notice to Rapp and without following the requisite

statutory steps, were willful and intentional acts taken to injure Rapp and, as such, constitute

fraud.

28.    By failing to inform Rapp of what he was doing with LLC and INC, Briggs

intentionally misled Rapp as to the value of his investment in LLC/INC and intentionally

reduced the value of that investment for the sole purpose of injuring Rapp.  That constitutes

fraud.

29.    Rapp, kept in the dark by Briggs, could take no action either to protect his

investment or to stop Briggs from his improper and illegal conduct.  Briggs knew and intended

that his conduct injure Rapp and also knew that Rapp, being ignorant of the acts in which Briggs

was engaged, could do nothing to protect his investment or stop Briggs' illegal conduct.

8

WHEREFORE, Rapp asks for judgment in his favor and against Briggs, including damages stemming from the loss of value of Rapp's interest in INC, together with attorneys' fees and costs.

## COUNT III
### Declaratory Judgment Action re Conversion of LLC to INC

30.    Rapp incorporates by reference the foregoing paragraphs.

31.    The attempt to convert LLC to INC was improperly undertaken according to Delaware law.

32.    Briggs did not have the authority to effect the conversion. Briggs was not the sole manager of LLC, as he represented in the Agreement and Plan of Conversion, and the requirements of the Delaware General Corporation Law and the Delaware Limited Liability Corporation Act were not followed.

33.    As a result, the conversion of LLC to INC is ineffective, and LLC is still in existence and still has all of the assets and interests which it had as of April 3, 2006, prior to the attempted conversion, and the members of LLC have their respective interests as of that date.

WHEREFORE, Plaintiff Ethan Rapp asks for a declaratory judgment in his favor and against Defendant Briggs and Nominal Defendants Marketing Evolution, LLC and Marketing Evolution, Inc. on the attempted conversion, and an injunction against Defendant Briggs on his

9

01/08/2008  11:50    512-306-9028                    CSPGROUPLLC                         PAGE  28/29

breaches of fiduciary duty, together with the award of attorneys' fees and costs, together with such other relief on all Counts as the Court may deem just and required.

BLANK ROME LLP

By: _____
Thomas P. Preston
I.D. No. 2548
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

Attorneys for Plaintiff Ethan Rapp

Dated: December 18, 2007

## VERIFICATION

STATE OF NEW YORK      )
                               )    SS.:
COUNTY OF *NEW YORK*    )

     Ethan Rapp, being duly sworn, deposes and says:

     I have read the foregoing Complaint, and the facts set forth in the Complaint are true to the best of my own knowledge, information and belief.

                                                  Ethan Rapp

Sworn to and subscribed before me this
_19th_ day of December, 2007.

                     Notary Public

                 **LESLIE SCHWARTZ**
        **Notary Public, State Of New York**
              **No.01SC4875748**
        **Qualified In New York County**
     **Commission Expires March 30, 20 _10_**

{25281.00601/40172693v.1}

EFiled: Jan 22 2008 8:24P
Transaction ID 18219087
Case No. 3426-VCS

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

ETHAN RAPP, individually and derivatively,

Plaintiff,

v.

REX BRIGGS, individually, and
MARKETING EVOLUTION, LLC,
nominally, and MARKETING EVOLUTION,
INC., nominally,

Defendants.

Civil Action No.:  3426-VCS

## ANSWER OF DEFENDANT REX BRIGGS
### AND NOMINAL DEFENDANTS MARKETING EVOLUTION, LLC
### AND MARKETING EVOLUTION, INC.

DEFENDANT REX BRIGGS and NOMINAL DEFENDANTS MARKETING

EVOLUTION, LLC and MARKETING EVOLUTION, INC. (collectively, "Defendants") for

themselves and no other defendants, respond to plaintiff's complaint as follows:

1.    Paragraph 1 of the Complaint is a summary of plaintiff's contentions and

purported claims, to which no response is required.    To the extent a response required,

Defendants deny each and every factual averment contained in paragraph 1 of the Complaint.

2.    Defendants admit that plaintiff Rapp is a citizen of New York, and, on

information and belief, admit that Rapp resides at 13 West 13th St., New York, New York.

3.    Defendants admit that Rex Briggs is a citizen of California and resides at

4062 Albert Circle, El Dorado Hills, California.

4.    Defendants admit that nominal defendant Marketing Evolution, LLC was

a limited liability company organized under the laws of the State of Delaware, and existed as

such until April 2005, at which time it was reorganized as a stock corporation under the laws of

the State of Delaware. Defendants admit that nominal defendant Marketing Evolution, LLC, prior to its reorganization, maintained its principal place of business at 4062 Albert Circle, El Dorado Hills, California.

     5.    Defendants admit that nominal defendant Marketing Evolution, Inc. is a corporation organized under the laws of the State of Delaware. Defendants further admit that Marketing Evolution, Inc. has its principal place of business at 4364 Town Center Boulevard, Suite 320, El Dorado Hills, California 95762.

     6.    Defendants admit that nominal defendant Marketing Evolution, LLC was organized under the laws of the State of Delaware, and that, until its reorganization, defendant Briggs was a manager of Marketing Evolution, LLC. Defendants further admit that nominal defendant Marketing Evolution, Inc. was organized under the laws of the State of Delaware, and that at all times defendant Briggs has been a director of Marketing Evolution, Inc. Except as expressly admitted, Defendants deny each and every averment contained in paragraph 6 of the Complaint.

     7.    Defendants admit the averments contained in paragraph 7 of the Complaint.

     8.    Defendants admit that Marketing Evolution, LLC was governed by a Limited Liability Agreement, the terms of which speak for themselves. Defendants further admit that defendant Briggs owned a 75 percent interest in Marketing Evolution, LLC, and that Rapp owned a 25 percent interest in Marketing Evolution, LLC. Defendants further admit that Briggs and Rapp originally were appointed as managers of Marketing Evolution, LLC, and further affirmatively aver that Rapp voluntarily resigned as manager of Marketing Evolution, LLC, in February 2006, at which time he ceased to be a manager of Marketing Evolution, LLC. Except

as expressly admitted, Defendants deny each and every averment contained in paragraph 8 of the Complaint.

9.    Defendants admit that Rapp voluntarily resigned as a manager of Marketing Evolution, LLC on or about February 21, 2006, and further aver that, upon Rapp's resignation, defendant Briggs was the sole manager of Marketing Evolution, LLC.  Except as expressly admitted, Defendants deny each and every averment contained in paragraph 9 of the Complaint.

10.    Defendants deny each and every averment contained in paragraph 10 of the Complaint.

11.    Defendants admit that on or about March 1, 2006, the Limited Liability Agreement of Marketing Evolution, LLC was amended, and that the terms of the Limited Liability Agreement, as amended, speak for themselves.  Except as expressly admitted, Defendants deny each and every averment contained in paragraph 11 of the Complaint.

12.    Defendants admit that in April 2006, Marketing Evolution, LLC was reorganized as a Delaware stock corporation and became known as Marketing Evolution, Inc. Except as expressly admitted, Defendants deny each and every averment contained in paragraph 12 of the Complaint.

13.    Defendants admit the averments contained in paragraph 13 of the Complaint.

14.    Defendants admit that following Rapp's voluntary resignation as manager of Marketing Evolution, LLC, defendant Briggs was and remained the sole manager of Marketing Evolution, LLC, and that he took action in such capacity pursuant to the Limited Liability Agreement, until such time as the company was reorganized as Marketing Evolution,

Inc. Except as expressly admitted, Defendants deny each and every averment contained in paragraph 14 of the Complaint.

15.    Defendants deny each and every averment contained in paragraph 15 of the Complaint.

16.    Defendants admit that when Marketing Evolution, Inc. was formed, defendant Briggs was its only director. Except as expressly admitted, Defendants deny each and every averment contained in paragraph 16 of the Complaint.

17.    Defendants deny each and every averment contained in paragraph 17 of the Complaint.

18.    Defendants deny each and every averment contained in paragraph 18 of the Complaint.

19.    Defendants admit that defendant Briggs is party to an employment agreement with Marketing Evolution, Inc., the terms of which speak for themselves. Defendants lack knowledge sufficient to respond with respect to plaintiff's information and belief and, therefore, deny each and every averment contained in paragraph 19 of the Complaint with respect to plaintiff's information and belief. Except as expressly admitted, Defendants deny each and every averment contained in paragraph 19 of the Complaint.

20.    Defendants deny each and every averment contained in paragraph 20 of the Complaint.

21.    Defendants deny each and every averment contained in paragraph 21 of the Complaint.

22.    Defendants admit that Rapp has failed to make an appropriate demand or otherwise satisfy the requirements for asserting a purported derivative claim on behalf of

Marketing Evolution, LLC or Marketing Evolution, Inc.    Except as expressly admitted, Defendants deny each and every averment contained in paragraph 22 of the Complaint.

## RESPONSE TO COUNT I

23.    Defendants incorporate by this reference their responses in paragraphs 1 through 22 hereof as if fully set forth.

24.    Defendants deny each and every averment contained in paragraph 24 of the Complaint.

25.    Defendants deny each and every averment contained in paragraph 25 of the Complaint.

WHEREFORE, Defendants deny that Rapp is entitled to the relief requested in Count I of the Complaint, or that he has been damaged in any way, or that he is entitled to any relief at all.

## RESPONSE TO COUNT II

26.    Defendants incorporate by this reference their responses in paragraphs 1 through 22 and 24 through 25 hereof as if fully set forth.

27.    Defendants deny each and every averment contained in paragraph 27 of the Complaint.

28.    Defendants deny each and every averment contained in paragraph 28 of the Complaint.

29.    Defendants lack information or belief sufficient to respond to the averments contained in paragraph 29 of the Complaint, and, therefore, deny each and every such averment. Defendants deny that Briggs intended to harm Rapp as averred in paragraph 29 of the Complaint, or at all.

5

WHEREFORE Defendants deny that Rapp is entitled to the relief requested in Count II of the Complaint, or that he has been damaged in any way, or that he is entitled to any relief at all.

### RESPONSE TO COUNT III

30.     Defendants incorporate by this reference their responses in paragraphs 1 through 22, 24 through 25 and 27 through 29 hereof as if fully set forth.

31.     Defendants deny each and every averment contained in paragraph 31 of the Complaint.

32.     Defendants deny each and every averment contained in paragraph 32 of the Complaint, and further affirmatively assert that at all times following Rapp's voluntary resignation as manager of Marketing Evolution, LLC, defendant Briggs was the sole manager of Marketing Evolution, LLC, which the company was reorganized as Marketing Evolution, Inc.

33.     Defendants deny each and every averment contained in paragraph 33 of the Complaint.

WHEREFORE, Defendants deny that Rapp is entitled to the relief requested in Count III of the Complaint, or that he is entitled to any relief at all.

### AFFIRMATIVE DEFENSES

The statement of any defense herein does not assume the burden of proof for any issue or to which applicable law places the burden on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

The Complaint, and each and every purported count therein, fails to state a claim upon which any relief can be granted.

6

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim Against Nominal Defendants)

The Complaint, and each and every purported count therein, fails to state any claims for relief against nominal Defendants, whose presence as such should be ignored for all purposes.

## THIRD AFFIRMATIVE DEFENSE
### (Abandonment)

The Complaint, and each and every purported count therein, is barred on the ground that plaintiff abandoned any interest in Marketing Evolution, LLC by voluntarily resigning as manager and by failing and refusing to provide necessary working capital to enable Marketing Evolution, LLC to operate its business.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

The Complaint, and each and every purported count therein, is barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

The Complaint, and each and every purported count therein, is barred by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

The Complaint, and each and every purported count therein, is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Consent)

The Complaint, and each and every purported count therein, is barred because plaintiff consented to each and every act complained of.

## EIGHTH AFFIRMATIVE DEFENSE
### (Ratification)

The Complaint, and each and every purported count therein, is barred because plaintiff contemporaneously and subsequently ratified each and every act complained of.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Reliance)

The Complaint, and each and every purported count therein, is barred because plaintiff, after voluntarily resigning his position as manager of Marketing Evolution, LLC, did not actually, reasonably or justifiably rely upon any representation, or detrimentally rely on any omission, by and Defendant.

## TENTH AFFIRMATIVE DEFENSE
### (No Injury in Fact)

The Complaint, and each and every purported count therein, is barred, because plaintiff has suffered no damages or any injury in fact at all.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Business Judgment Rule)

The Complaint, and each and every purported count therein, is barred because the acts complained of all fall within the Business Judgment Rule.

## TWELFTH AFFIRMATIVE DEFENSE
### (Properly Documented Transactions)

The Complaint, and each and every purported count therein, is barred because the acts complained of were properly authorized and documented transactions conducted on fair and appropriate business terms.

WHEREFORE, Defendants request judgment dismissing the Complaint, awarding costs, fees and disbursements incurred in defense of this action, and the granting of such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By:

Donald J. Wolfe, Jr. (I.D. No. 285)
Brian C. Ralston (I.D. No. 3770)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000

OF COUNSEL:

JONES DAY
Rick L. Shackelford (151262)
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
(213) 489-3939

*Attorneys for Defendants*
*REX BRIGGS, MARKETING EVOLUTION,*
*LLC AND MARKETING EVOLUTION, INC*

Dated: January 22, 2008
843838

9

## <u>CERTIFICATE OF SERVICE</u>

I, Brian C. Ralston, hereby certify that on January 22, 2008, the foregoing document was served electronically via *LexisNexis File & Serve* upon the following counsel of record:

> Thomas P. Preston, Esquire
> Blank Rome LLP
> 1201 Market Street, Suite 800
> Wilmington, Delaware 19801

_____

Brian C. Ralston (I.D. No. 3770)

843838

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Brian C. Ralston, hereby certify that on February 1, 2008, the attached document was

filed with the Clerk of the Court using CM/ECF which will send notification to the registered

attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I further certify that on February 1, 2008, the attached document was Electronically

Mailed to the following person(s):

> Thomas P. Preston, Esquire
> Blank Rome LLP
> 1201 Market Street, Suite 800
> Wilmington, Delaware 19801
> Preston-t@blankrome.com

> /s/ *Brian C. Ralston*
> Donald J. Wolfe, Jr. (I.D. No. 285)
> Brian C. Ralston (I.D. No. 3770)
> Potter Anderson & Corroon LLP
> Hercules Plaza – Sixth Floor
> 1313 North Market Street
> P.O. Box 951
> Wilmington, DE 19899-0951
> (302) 984-6000
> dwolfe@potteranderson.com
> bralston@potteranderson.com

846081

℀JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ETHAN RAPP, individually and derivatively

## DEFENDANTS
REX BRIGGS, individually, and MARKETING EVOLUTION, LLC, nominally and MARKETING EVOLUTION, INC. nominally

**(b)** County of Residence of First Listed Plaintiff    New York, New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas P. Preston
Blank Rome LLP
Counselors at Law
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6478

Attorneys (If Known)
Brian C. Ralston (I.D. No. 3770)
Potter Anderson & Corroon LLP
Hercules Plaza
1313 North Market Street
Wilmington, Delaware 19899
(302) 984-6292
bralston@potteranderson.com

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332, 1441(a) and 1446(b)

Brief description of cause:
Removal from Delaware Chancery Court of claim for wrongful conversion of investment.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
Above $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  2-1-08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ - 0 8 - 6 9 ____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____       _____
(Date forms issued)                   (Signature of Party or their Representative)

                                      _____
                                      (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action